1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AUBREE REGINA DEI GRATIA,

Plaintiff,

v.

RODNEY JAY STAFFORD, et al.,

Defendants.

Case No.  14-cv-04019-LHK

**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE**

Re: Dkt. Nos. 28, 31, 205

Plaintiff Aubree Regina Dei Gratia, also known as Rosalie Guancione ("Plaintiff"), brings this action against Rodney J. Stafford, Judge of the Santa Clara County Superior Court, Jeffrey Rosen, District Attorney of the County of Santa Clara, and Alexis Causey, Deputy District Attorney of the County of Santa Clara (collectively, "Defendants"). Before the Court are two motions to dismiss, one filed by Judge Stafford ("Mot. 1"), the second filed by Defendants Causey and Rosen ("Mot. 2"). ECF Nos. 28 & 31. Also before the Court is Plaintiff's "Motion for Mandatory Change of Venue." ECF No. 205. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for January 29, 2015, at 1:30 p.m. The Court also VACATES the case management

1

conference in this matter, also scheduled for January 29, 2015, at 1:30 p.m. Having considered the parties' submissions, the record in this case, and the applicable law, the Court GRANTS the Defendants' motions to dismiss with prejudice and DENIES Plaintiff's motion for mandatory change of venue as moot, for the reasons stated below.

## I. BACKGROUND

### A. Factual Background

The following factual background is drawn from the statement of facts in Plaintiff's Complaint, the documents attached to the Defendants' request for judicial notice, and the Defendants' motions to dismiss.

Plaintiff is a resident of San Jose, California. ECF No. 1 ("Compl.") ¶ 10. On December 24, 2010, Santa Clara Police issued Plaintiff a traffic ticket. *Id*. ¶ 85; Mot. 2 at 2. On March 13, 2011, Plaintiff received a second traffic ticket. *Id*. ¶ 89. On or about December 6, 2013, Plaintiff sought to remove her traffic ticket cases to U.S. Bankruptcy Court in the Northern District of California. *Id*. ¶¶ 45, 50-51. On February 4, 2014, the Bankruptcy Court dismissed Plaintiff's action because it lacked subject matter jurisdiction over a state court criminal action. ECF No. 69-2 (Defendants Causey and Rosen's request for judicial notice of U.S. Bankruptcy Court order dismissing Plaintiff's case).

Judge Stafford presided over the subsequent misdemeanor trial of Plaintiff's two traffic tickets. ECF No. 32-1 (Defendants Causey and Rosen's request for judicial notice of superior court trail minutes). Defendant Causey was the deputy district attorney prosecuting the trial. ECF No. 32-1. The trial lasted from September 3 to September 5, 2014, after which the jury returned a guilty verdict. *Id*.; Compl. ¶ 114.

### B. Procedural Background

Plaintiff filed the Complaint in the instant action on September 4, 2014. *See* Compl. The thrust of Plaintiff's allegations is that her two traffic tickets were prosecuted "in the complete absence of jurisdiction," apparently because Plaintiff believed she removed her traffic ticket cases to U.S. Bankruptcy Court, where the action was subsequently dismissed. *Id*. ¶¶ 44, 54-55. Plaintiff

2

also alleges that the statute of limitations to prosecute her for her traffic tickets had run before her trial. *Id.* ¶¶ 86, 90. Plaintiff further alleges that the prosecutions resulted in a "double jeopardy violation" due to the "impaneling of a jury in two traffic ticket cases." *Id.* ¶ 42. In addition, Plaintiff appears to believe that pursuant to "common law copyright" she owns the rights to her name, "Rosalie Aubree Guancione," as well as her alias, "HI&RH Empress Aubree Regina Dei Gratia." *Id.* ¶¶ 10; 70. Accordingly, Plaintiff alleges that each time Defendants used her name in a court document, they infringed "on the copyright of Plaintiff." *Id.* ¶ 109. Finally, Plaintiff alleges that the Defendants are "responsible for setting custom and policy for the SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, in the conduct of prosecution of violations of rights, including civil rights." *Id.* at 4 (capitalization in original). Plaintiff asserts twelve causes of action: one claim of fraud in connection with the prosecution of her traffic tickets in spite of the alleged "lack of jurisdiction"; seven claims under 42 U.S.C. § 1983 for deprivation of her Fourth, Fifth, Sixth, and Fourteenth Amendment rights, also in connection with the prosecution of her traffic tickets; one claim of conspiracy pursuant to 42 U.S.C. § 1985 for "supporting letters of Office of State Attorney General and Office of City Attorney"; one claim under 42 U.S.C. § 1986 for "Double Jeopardy" and "Failure to Enforce and Protect a Civil Right"; and two claims of copyright violations. *Id.* at 22-23. Plaintiff seeks $1.5 million in compensatory damages, $1.5 million in punitive damages, and $8 million for the alleged violations of her common law copyright. *Id.* at 23.

On September 25, 2014, Defendants filed the instant motions to dismiss. Mot. 1 & Mot. 2. Defendants Rosen and Causey also filed a request for judicial notice. ECF No. 32. Plaintiff did not file a timely opposition to either motion to dismiss pursuant to Civil Local Rule 7-3(a). However, on October 14, 2014, Plaintiff filed a "Motion to Strike . . . Defendant Rosen's and Causey's Motion to Dismiss." ECF No. 56. Plaintiff also filed an "Objection to Defendant Rosen's and Causey's Motion to Dismiss" on October 14, 2014. ECF No. 60. Similarly on October 20, 2014,

Case No.: 14-cv-04019-LHK
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE

1    Plaintiff filed a "Motion to Strike . . . Defendant Stafford's Motion to Dismiss."[1] ECF No. 64.

2    Defendants Rosen and Causey filed a reply on October 23, 2014, as well as a supplemental request

3    for judicial notice. ECF Nos. 68 & 69. Judge Stafford filed a reply on November 3, 2014. ECF No.

4    204.

5           On October 31, 2014, Plaintiff filed a "Motion for Mandatory Change of Venue." ECF No.

6    205. Defendants Rosen and Causey filed an opposition to Plaintiff's motion on November 12,

7    2014. ECF No. 207. Judge Stafford joined the opposition of Defendants Rosen and Causey on

8    November 13, 2014. ECF No. 215. Plaintiff did not file any reply in support of her motion.

9    **II.  LEGAL STANDARD**

10          **A.  Motion to Dismiss**

11          A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

12   sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must "plead enough facts

13   to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

14   "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* A court must

15   determine whether the facts in a complaint "plausibly give rise to an entitlement of relief."

16   *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). For purposes of ruling on a Rule 12(b)(6) motion, the

---

[1] Plaintiff also filed no less than 40 motions to strike in relation to Judge Stafford's motion to dismiss. ECF Nos. 71; 75; 78; 81; 84; 87; 90; 93; 96; 99; 102; 105; 110; 111; 113; 116; 119; 121; 123; 129; 132; 133; 140; 143; 146; 149; 152; 155; 158; 161; 164; 165; 168; 171; 174; 177; 180; 183; 186; & 189. Each motion to strike is substantially identical: each one requests that the Court, pursuant to Federal Rules of Civil Procedure 7(b) and 12(f), strike all references to a specific case cited in Judge Stafford's motion to dismiss, on the grounds that the case is "not material" and was cited "to baffle, lie and confuse the court regarding the nature of Plaintiff's Affidavit of Complaint." *See, e.g.*, ECF No. 71, ¶¶ 31-32 (requesting that the Court strike all references to *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996)). At least two of Plaintiff's motions to strike do not even reference a specific case, but ask the Court to strike "all references to the case" cited in Judge Stafford's motion to dismiss. ECF Nos. 102 & 105. Rule 12(f) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter" in a "*pleading*." Fed. R. Civ. P. 12(f) (emphasis added). A motion to dismiss is not a "pleading" within the meaning of the Rule. *See* Fed. R. Civ. P. 7(a) (pleadings include "a complaint': "an answer to a complaint"; "an answer to a counterclaim"; "an answer to a crossclaim"; "a third-party complaint"; "an answer to a third-party complaint"; and "a reply to an answer"); *Foley v. Pont*, No. 2:11-CV-01769-ECR -V, 2013 WL 782856, at *4 (D. Nev. Mar. 1, 2013) ("Motions to strike apply *only* to pleadings, and courts are unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto.") (emphasis in original). Accordingly, Plaintiff's motions to strike are denied in their entirety.

4

United States District Court
Northern District of California

1   Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the

2   light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

3   F.3d 1025, 1031 (9th Cir. 2008). "[A] court may generally consider only allegations contained in

4   the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

5   *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In addition, a court need not accept as

6   true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted

7   deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th

8   Cir. 1994). Where, as here, an action is brought by a pro se litigant, the court should liberally

9   construe the plaintiff's pleadings. *Eldridge v. Block*, 932 F.2d 1132, 1137 (9th Cir. 1987).

10          Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot

11   be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If

12   amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d

13   386, 393 (9th Cir. 1996).

14   **III.   DISCUSSION**

15          **A.   Judicial Notice**

16          The Court first addresses the requests for judicial notice filed by Defendants Causey and

17   Rosen. ECF Nos. 32 & 69. Although a district court generally may not consider any material

18   beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of

19   documents referenced in the complaint, as well as matters in the public record, without converting

20   a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89

21   (9th Cir. 2001) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119,

22   1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either

23   "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily

24   determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

25   Public records, including judgments, court proceedings, and other court documents, are proper

26   subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

27          Here, Defendants Causey and Rosen request judicial notice of six documents pertaining to

28

United States District Court
Northern District of California

5

1   Plaintiff's related proceedings in Santa Clara County Superior Court, U.S. Bankruptcy Court, and

2   the U.S. Bankruptcy Appellate Panel of the Ninth Circuit. ECF Nos. 32-1; 32-2; 32-3; 69-1; 69-2;

3   & 69-3. Because records of other court proceedings are proper subjects of judicial notice, *see*

4   *Black*, 482 F.3d at 1041, the Court GRANTS Defendants Causey and Rosen's requests.

5   **B.  Defendants' Motion to Dismiss**

6   Defendants raise numerous grounds to dismiss the allegations in Plaintiff's Complaint.

7   Judge Stafford argues that Plaintiff's claims are barred by the doctrine of judicial immunity, as

8   well as the Eleventh Amendment. Mot. 1 at 4-7. Judge Stafford also argues that the *Rooker-*

9   *Feldman* doctrine deprives this Court of subject matter jurisdiction over Plaintiff's claims, or in

10  the alternative that the doctrine of *Younger* abstention prohibits this Court from interfering in

11  Plaintiff's ongoing criminal proceedings. *Id*. at 8-9. Judge Stafford also argues that Plaintiff's

12  claims are unsupported by the facts, are implausible, and that Plaintiff fails to state a cognizable

13  claim under § 1983. *Id*. at 9-10.

14  Defendants Rosen and Causey also move to dismiss Plaintiff's Complaint on the basis of

15  the *Rooker-Feldman* doctrine and *Younger* abstention. Mot. 2 at 3-4. They also argue that

16  Plaintiff's § 1983 claims are barred until her criminal case is final and terminates in Plaintiff's

17  favor, and that Plaintiff's claims are barred by the doctrine of prosecutorial immunity. *Id*. at 5.

18  Finally, Rosen and Causey argue that Plaintiff fails to state a cause of action, or state a claim

19  against Defendant Rosen because he had no involvement in Plaintiff's prosecution. *Id*. at 6, 7-10.

20  As discussed more fully below, the Court finds that Plaintiff's claims, to the extent that

21  they operate as a *de facto* appeal of criminal proceedings in Santa Clara County Superior Court,

22  are barred by the *Rooker-Feldman* doctrine. Moreover, Plaintiff's claims are barred by the

23  doctrines of judicial immunity and prosecutorial immunity, and Plaintiff fails to state a claim for

24  copyright violations. Therefore, the Court need not address Defendants' numerous arguments in

25  the alternative regarding dismissal.

26  **a.  *Rooker-Feldman* Doctrine**

27  Although Plaintiff's Complaint is somewhat unclear, it appears Plaintiff may be requesting

28

United States District Court
Northern District of California

6

Case No.: 14-cv-04019-LHK
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE

that this Court reverse Plaintiff's convictions for two traffic violations in state court. The Complaint is replete with allegations that Plaintiff's prosecution for two traffic tickets, which occurred in Santa Clara County Superior Court, was improper. Specifically, Plaintiff alleges that hearings related to the prosecutions were conducted without subject matter or personal jurisdiction; that the prosecutions commenced after the applicable statute of limitations had run; and that the prosecutions violated the principle of double jeopardy and *res judicata*. Compl. 1-2. Plaintiff seeks declaratory relief from this Court to the effect that, *inter alia*, the "[s]tate court lost jurisdiction" over Plaintiff's traffic violations because Plaintiff removed the matters to U.S. Bankruptcy Court, and that the prosecutions were barred by *res judicata* and double jeopardy. *Id.* at 2-3. Liberally construing the complaint of a *pro se* plaintiff, the Court understands Plaintiff may seek reversal of Plaintiff's state court convictions.

This Court cannot grant Plaintiff the relief that Plaintiff seeks, pursuant to the so-called *Rooker-Feldman* doctrine. *Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003). Put another way, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (internal citation and quotation marks omitted). The Ninth Circuit has explained that this prohibition arises in part through a negative inference from 28 U.S.C. § 1257, which grants jurisdiction to review a state court judgment in the United States Supreme Court. *In re Gruntz,* 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc). "That is, while § 1257 explicitly authorizes the United States Supreme Court to hear an appeal from a state court judgment, it impliedly prohibits the lower federal courts from doing so." *Kougasian*, 359 F.3d at 1139.

Here, there is no dispute that Plaintiff's traffic tickets were prosecuted in Santa Clara County Superior Court. *See, e.g.*, Compl. ¶¶ 54-55. Therefore, even assuming Plaintiff were correct that these prosecutions occurred in the absence of jurisdiction, or that the statute of

7

1  limitations on Plaintiff's traffic tickets had run, Plaintiff cannot appeal these alleged errors to the

2  U.S. District Court. Indeed, this Court would not even have subject matter jurisdiction over such

3  an appeal. *Bianchi,* 334 F.3d at 898.  Rather, Plaintiff must seek relief from the state Court of

4  Appeal. Accordingly, to the extent that Plaintiff seeks reversal of the outcome of proceedings or

5  her convictions in state court for her two traffic violations, the Court GRANTS Defendants'

6  motions to dismiss for lack of subject matter jurisdiction.

7        Plaintiff, in her filings related to Defendants' motions to dismiss, asserts that this Court

8  cannot dismiss the claims of a *pro se* plaintiff without granting leave to amend. *See, e.g.*, ECF No.

9  56, at 5. This is incorrect. Although "[p]ro se plaintiffs should be given an opportunity to amend

10  their complaints to overcome any deficiencies," leave to amend need not be granted where it

11  "clearly appears the deficiency cannot be overcome by amendment." *Ashelman v. Pope*, 793 F.2d

12  1072, 1078 (9th Cir. 1986). As already discussed, to the extent Plaintiff seeks a reversal of her

13  state criminal court convictions, this Court would lack subject matter jurisdiction over such

14  claims, a deficiency which Plaintiff could not overcome by amendment. Therefore, insofar as

15  Plaintiff's claims operate as a *de facto* appeal of Plaintiff's cases in state superior court, the Court

16  dismisses Plaintiff's claims without leave to amend.

17        **b.  Plaintiff's Copyright Infringement Claims**

18        Plaintiff's eleventh cause of action alleges copyright infringement under the common law.

19  Compl. at 23. Plaintiff's twelfth cause of action alleges copyright infringement under Title 17 of

20  the Copyright Act. *Id*. Plaintiff alleges that she has "a common law copyright" on her name "in all

21  forms, and abbreviations." *Id*. ¶ 70. Plaintiff also claims to have a "copyright license usage fee" on

22  her name of $500,000 per use. *Id*. ¶ 71-72. Plaintiff contends that Defendants violated her alleged

23  copyright by printing Plaintiff's name in court documents in connection with her traffic ticket

24  prosecutions. *Id*. ¶ 109.

25        Plaintiff's two copyright claims fail. As to the eleventh cause of action for common law

26  copyright infringement, even assuming that Plaintiff has a common law copyright on her name,

27  "[t]he Copyright Act of 1976 preempts common law copyright claims, unless the claims arose

28

Case No.: 14-cv-04019-LHK
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE

United States District Court
Northern District of California

from 'undertakings commenced before January 1, 1978.'" *Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983) (quoting 17 U.S.C. § 301(b)(2)); *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). Here, although Plaintiff does not specify when the Defendants violated her alleged common law copyright, the allegedly infringing activity occurred in connection with Plaintiff's prosecution for two traffic violations. *See* Compl. ¶¶ 109. Plaintiff was issued these traffic tickets on December 24, 2010 and March 13, 2011, and the trials for Plaintiff's tickets did not commence until September 2014. Compl. ¶¶ 85, 89. This was well after January 1, 1978, and therefore Plaintiff's common law copyright cause of action fails as a matter of law. *See Mention*, 714 F.2d at 90 (holding that common law copyright claim was legally barred where the allegedly infringing activities occurred after January 1, 1978).

Plaintiff's twelfth cause of action for copyright infringement under Title 17 of the Copyright Act similarly fails. To bring a claim under Title 17, Plaintiff must establish, *inter alia*, ownership of a valid copyright. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000). Plaintiff does not claim to have a valid statutory copyright in her name, nor could she. In general, a party cannot obtain statutory copyright protection for his or her personal name. *See* 37 C.F.R. § 202.1(a) (no copyright protection for names). Therefore, Plaintiff's claim of copyright infringement under Title 17 also fails as a matter of law. *See Turner v. Peterson*, No. C 12-0887 JSW PR, 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) (dismissing claim of copyright infringement for alleged violation of copyright in personal name).

For these reasons, the Court GRANTS Defendants' motions to dismiss Plaintiff's copyright claims. Moreover, because Plaintiff's copyright claims fail as a matter of law, they cannot be cured by amendment. Therefore, the Court dismisses Plaintiff's claims without leave to amend. *See Ashelman*, 793 F.2d at 1078

### c.  Plaintiff's Claims Regarding Her Prosecution

Finally, Plaintiff brings ten causes of action against all Defendants alleging fraud and violations of 42 U.S.C. §§ 1983, 1985 and 1986 for acts taken in connection with Plaintiff's prosecution for two traffic violations. Compl. at 23-24. The gravamen of Plaintiff's fraud

Case No.: 14-cv-04019-LHK
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE

allegation and seven causes of action under § 1983 is that the Defendants prosecuted Plaintiff or presided over her prosecution in the absence of personal or subject matter jurisdiction and after the statute of limitations had run, erroneously denied her right to counsel, or refused to hold hearings requested by Plaintiff. Compl. at 23 ([Count One]: "Fraud: for admission of lack of jurisdiction after self recusal . . . two counts, one in each of two cases"); *id.* ([Count Two]: "conduct of hearings in complete absence of personal jurisdiction, 2 counts, for two cases"); *id.* at 24 ([Count Three]: "conduct of hearings in complete absence of subject mater jurisdiction"); *id.* at 24 ([Count Four]: "refused to conduct a hearing on challenge of jurisdiction"); *id.* ([Count Five]: "delay and failure to hear ex parte motions prior to trial"); *id.* ([Count Six]: "double jeopardy conduct of trial in case settled res judicata"); *id.* ([Count Seven]: "conduct of trial for violations years beyond statute of limitations for misdemeanour" [sic]); *id.* ([Count Eight]: "refusal to allow assistance of counsel of choosing, and refusal to allow counsel of choosing in courtroom").

In addition, Plaintiff's ninth cause of action, brought pursuant to § 1985, asserts a claim of conspiracy involving "supporting letters of Office of State Attorney General and Office of City Attorney." *Id.* The only detail Plaintiff offers in connection with her claim of conspiracy is that the Defendants engaged in a "conspiracy to maliciously prosecute, conspiracy to violate" Plaintiff's Constitutional rights. *Id.* ¶ 110. Plaintiff appears to believe that after she removed her traffic ticket cases to U.S. Bankruptcy Court, and when the Bankruptcy Court dismissed her cases for lack of subject matter jurisdiction, the dismissal served as an adjudication on the merits for the purposes of *res judicata. Id.* ¶¶ 47-49; *see also id.* at 23. Plaintiff then claims that "Defendants, acting in concert, conducted a trial after being served with the final order of dismissal" in Plaintiff's traffic ticket cases. *Id.* ¶¶ 64-65, 110. Finally, Plaintiff brings a tenth cause of action for a claim under § 1986 of "Double Jeopardy." *Id.* at 23. Specifically, Plaintiff alleges that the empanelling of a jury to decide Plaintiff's two traffic ticket cases triggered the principles of double jeopardy. *Id.* ¶ 42. For these alleged violations, Plaintiff seeks $5 million in compensatory and punitive damages. *Id*. at 23.

The Court finds that the ten causes of action described above as asserted against Judge

United States District Court
Northern District of California

1   Stafford are barred by the principle of judicial immunity. It is well-established that judges are

2   absolutely immune from § 1983 liability for damages for their judicial acts, "even when such acts

3   are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."

4   *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quotation omitted); *accord Ashelman*, 793 F.2d at

5   1076. Judicial immunity similarly bars claims brought pursuant to §§ 1985 and 1986, as well as

6   claims for fraud, for conduct in the judge's performance of official duties. *Agnew v. Moody*, 330

7   F.2d 868, 869 (9th Cir. 1964) (judicial immunity bars claims under §§ 1985 and 1986); *Dubin v.

8   Real*, 191 F. App'x 528, 530 (9th Cir. 2006) (judicial immunity bars civil claim of fraud). An act

9   is judicial when it is a "function normally performed by a judge" and the parties "dealt with the

10  judge in his judicial capacity." *Stump*, 435 U.S. at 362. Judicial immunity may apply even where a

11  judge is alleged to have engaged in a conspiracy with prosecutors. *Ashelman*, 793 F.2d at 1078.

12  Judges are subject to liability for damages only when they act in the clear absence of all

13  jurisdiction, or perform non-judicial acts. *Id*. at 356-57; *Stump*, 435 U.S. at 360.

14          Here, although Plaintiff does not detail what role if any Judge Stafford played in the

15  allegedly wrongful conduct, Plaintiff's allegations are premised on the fact that Judge Stafford

16  presided over Plaintiff's trial for two traffic violations. *See* Compl. ¶ 14 (alleging Judge Stafford

17  "at all times relevant to this complaint, was acting as a duly appointed or elected, believed part

18  time, STATE official of the California Judicial Council" and "perform[ed] his duties as Judge")

19  (capitalization in original). Presiding over judicial proceedings or making rulings in such a venue

20  are judicial acts covered by the doctrine of judicial immunity. *Goldblatt v. Doerty*, 503 F. App'x

21  537, 537 (9th Cir. 2013). Moreover, Judge Stafford presided over proceedings related to Plaintiff's

22  violations of state law and therefore properly acted within his jurisdiction. Accordingly, judicial

23  immunity bars Plaintiff's claims for damages against Judge Stafford.

24          In her filings in relation to the motions to dismiss, Plaintiff appears to argue that judicial

25  immunity does not apply to Judge Stafford because Judge Stafford allegedly "act[ed] to violate a

26  well established law" and therefore acted "outside of the qualified immunity of his office." ECF

27  No. 64, at 16. However, "[j]udicial immunity applies however erroneous the act may have been,

28

11

United States District Court
Northern District of California

1    and however injurious in its consequences it may have proved to the plaintiff," even where the

2    acts at issue are alleged to be unlawful. *Ashelman*, 793 F.2d at 1075. Therefore, Plaintiff's

3    argument that judicial immunity does not bar her claims because Judge Stafford acted unlawfully

4    fails.

5    As for Plaintiff's claims for monetary damages brought against District Attorney Rosen

6    and Deputy District Attorney Causey, the Court finds that these claims are prohibited by the

7    doctrine of prosecutorial immunity. Claims for monetary damages against prosecutors may be

8    barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

9    This immunity applies to conduct "intimately associated with the judicial phase of the criminal

10   process," and protects prosecutors when they perform traditional activities related to the initiation

11   and presentation of criminal prosecutions. *Id.*; *accord Botello v. Gammick*, 413 F.3d 971, 976 (9th

12   Cir. 2005). Prosecutorial immunity bars allegations for, among other things, malicious

13   prosecution, conspiracy in connection with criminal prosecutions, or prosecutions for crimes that

14   are alleged to be beyond the statute of limitations. *See, e.g., Milstein v. Cooley*, 257 F.3d 1004,

15   1008-09 (9th Cir. 2001) (prosecutorial immunity bars claim of malicious prosecution); *Ashelman*,

16   793 F.2d at 1075-78 (prosecutorial immunity extends to claim of conspiracy to predetermine

17   outcome of trial); *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (prosecutorial

18   immunity precludes claim that prosecution was conducted after statute of limitations had run).

19   Here, as with Plaintiff's allegations against Judge Stafford, Plaintiff's ten causes of action

20   detailed earlier are premised on Defendants Rosen and Causey's alleged involvement in Plaintiff's

21   prosecution. Although Plaintiff does not detail the specific roles of either Rosen or Causey in the

22   allegedly wrongful conduct, judicially noticeable documents show that Causey was the deputy

23   district attorney who prosecuted the trial for Plaintiff's two traffic tickets. ECF No. 32-1.

24   Plaintiff's Complaint, meanwhile, raises claims against all the Defendants for involvement in

25   prosecuting Plaintiff's case. *See, e.g.*, Compl. at 23 (alleging, *inter alia*, Defendants participated in

26   the "conduct of hearings in complete absence of personal jurisdiction . . . [and] subject mater

27   jurisdiction" and "conduct of trial for violations years beyond statute of limitations"). Therefore,

28

12

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Plaintiff appears to assert a claim against Causey for Causey's role in prosecuting Plaintiff's case,

2   specifically Causey's decision to bring the case and Causey's conduct at hearings and in trial. *See*

3   *id.* (asserting causes of action for "conduct of hearings" and "conduct of trial"). However,

4   prosecutorial immunity prohibits claims premised on conduct "intimately associated with the

5   judicial phase of the criminal process," including activities related to the initiation and

6   presentation of prosecutions. *Imbler*, 424 U.S. at 430-31. Therefore, Plaintiff's claims against

7   Causey are barred by prosecutorial immunity

8        As for Plaintiff's claims against District Attorney Rosen, Plaintiff alleges that Rosen

9   "supervises and establishes the custom and policy of the Office of the District Attorney . . . to

10  prosecute natural men and women, for allegations of criminal violations of the state penal code,

11  and local codes and ordinances." *Id.* ¶ 15. Yet prosecutorial immunity bars claims brought against

12  a supervisory prosecutor, such as a district attorney, for management tasks "directly connected

13  with the prosecutor's basic trial advocacy duties," including general office supervision. *Van de*

14  *Kamp v. Goldstein*, 555 U.S. 335, 346 (2009). Accordingly, Plaintiff's allegation that District

15  Attorney Rosen violated Plaintiff's Constitutional rights because Rosen "supervises and

16  establishes the custom and policy" of the Santa Clara County District Attorney's Office is also

17  barred by prosecutorial immunity.[2]

18

19  [2] The Court also notes that Plaintiff misapplies the doctrines of *res judicata* and double jeopardy.
    In general, "[r]es judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or
20  could have been raised in a prior action." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.
    2002) (internal quotation marks omitted). For *res judicata* to apply, there must be, *inter alia,* "a
21  final judgment on the merits." *United States v. Liquidators of European Fed. Credit Bank*, 630
    F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks omitted). Here, Plaintiff alleges that the
22  U.S. Bankruptcy Court's dismissal of Plaintiff's improperly removed traffic ticket cases acted as a
    final judgment on the merits such that *res judicata* prohibited the subsequent prosecution of these
23  cases in Santa Clara County Superior Court. *See* Compl. ¶¶ 46-48; *id.* at 23. However, dismissal
    for lack of subject matter jurisdiction does not operate as a final judgment on the merits, and
24  therefore does not preclude a subsequent lawsuit on the same issue. *Brand v. United States*, 942
    F.2d 790, 790 n.3 (9th Cir. 1991) (unpublished). As to Plaintiff's claim of double jeopardy, the
25  doctrine of double jeopardy bars successive punishments or successive prosecutions for the same
    criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Plaintiff does not allege that
26  she was punished or prosecuted successively for the same criminal offense. In fact, a plain reading
    of Plaintiff's Complaint indicates that she was prosecuted for two separate traffic tickets in Santa
27  Clara County Superior Court, stemming from two separate incidents. *See* Compl. ¶¶ 85, 89.

28

13

United States District Court
Northern District of California

1     As Plaintiff appeared to argue with regard to Judge Stafford, Plaintiff appears to claim that

2  immunity should not preclude her claims against Causey and Rosen because Plaintiff sued them in

3  their "private capacity" and they "act[ed] outside of the qualified immunity of their office, and

4  have no good faith immunity." ECF No. 56, at 17; ECF No. 60, at 6. Plaintiff does not otherwise

5  explain this argument, and in any event it misses the mark. Whether Plaintiff's claims against

6  Rosen and Causey are precluded by the doctrine of prosecutorial immunity depends on whether

7  their alleged wrongful acts are "intimately associated with the judicial phase of the criminal

8  process," such as the initiation of prosecution and the conduct of hearings, or supervision of such

9  activities. *Van de Kamp*, 555 U.S. at 343. As already discussed, this is the case here.

10     Accordingly, Defendants' motions to dismiss Plaintiff's claims on the grounds of

11  prosecutorial and judicial immunity are GRANTED. Moreover where, as here, prosecutorial and

12  judicial immunity bar a plaintiff's claims, those deficiencies cannot be cured by amendment.

13  *Ashelman*, 793 F.2d at 1078. Therefore, the Court dismisses Plaintiff's claims without leave to

14  amend.

15     **C.  Plaintiff's Motion for "Mandatory Change of Venue"**

16     Before the Court concurrent with Defendants' motions to dismiss is Plaintiff's "Motion for

17  Mandatory Change of Venue." ECF No. 205. Plaintiff seeks transfer of the instant case to a

18  "neutral county in accordance with California law," due to Plaintiff's belief that she cannot "get a

19  fair trial in this county." *Id*. at 1, 6. Plaintiff seeks transfer to a U.S. District Court in Sacramento

20  County, San Francisco City and County, Alameda County, or "any neutral County in reasonable

21  proximity." *Id*. at 5-6. In support of her argument, Plaintiff cites exclusively to California law,

22  including California Codes of Civil Procedure § 394 and California Government Code § 955. *Id*.

23  at 10-14.

24     The Court notes that Plaintiff does not contend that venue is improper in this District. Nor

25  could she. Pursuant to 28 U.S.C. § 1391(b), venue is proper in any judicial district where, *inter*

26  *alia*, "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.

27  1391(b). Plaintiff acknowledges in her motion for mandatory change of venue that "the facts

28

Case No.: 14-cv-04019-LHK
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO CHANGE VENUE

described herein describe events that have occurred within the COUNTY OF SANTA CLARA." ECF No. 205, at 2 (capitalization in original). Moreover, Plaintiff's Complaint makes clear that all the relevant events occurred within the County of Santa Clara. *See, e.g.*, Compl. ¶¶ 14-16, 86-95. Therefore, venue in this District is proper. Moreover, this Court has already determined that Plaintiff's Complaint fails to state a claim as a matter of law, and should be dismissed with prejudice. Accordingly, the Court DENIES Plaintiff's motion for mandatory change of venue as moot.[3]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss. Plaintiff's claims are dismissed with prejudice. Plaintiff's motion for mandatory change of venue is DENIED as moot. All other pending motions are DENIED as moot. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 23, 2015

_____

LUCY H. KOH
United States District Judge

---

[3] The Court also notes that Plaintiff, in her motion for mandatory change of venue, relies wholly on state law in support of her claim. ECF No. 205, at 1 (stating that the "motion seeks to properly change the venue to a neutral county *in accordance with California law*") (emphasis added); *id.* at 12-14 (arguing that action should be transferred pursuant to California Government Code § 955 and Code of Civil Procedure § 394). However, the Federal Rules of Civil Procedure apply to proceedings in U.S. District Court, with certain exceptions that do not apply to the instant litigation. Fed. R. Civ. P. 1. Plaintiff cites no federal rule in support of her argument regarding change of venue. Moreover, the state laws upon which Plaintiff relies are inapplicable to her case. California Government Code § 955 governs actions in which the state is named as a defendant. Cal. Gov. Code § 955. This is not the case here. California Code of Civil Procedure § 394 governs the transfer of cases where a county, city, or local agency is a defendant, *and* that defendant files a motion to transfer the case. Cal. Civ. Proc. § 394. Here, Plaintiff has not named a city, county, or local agency as a defendant, and even if Plaintiff had, the motion to transfer was filed by Plaintiff, not by any of the Defendants. Therefore, § 394 does not apply to this case.

15